**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DOUGLAS D. MEYER,

       Plaintiff,

-vs-                                   Case No. 6:22-cv-1023

OLD DOMINION FREIGHT
LINE, INC.,

       Defendant.

_____

**<u>COMPLAINT</u>**

Plaintiff, through counsel J. Corey Sucher of Bull Attorneys, P.A. and for his claims against Defendant, alleges and states:

***GENERAL ALLEGATIONS***

1. Plaintiff is a citizen of Kansas.

2. Defendant is a foreign corporation with its principal place of business in Thomasville, North Carolina, and it may be served through its Kansas resident agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. This Court has proper venue and jurisdiction over the persons and subject matter.

5. Michael Brunner was operating Defendant's semi-truck (with two trailers attached) while in the course and scope of his employment with Defendant at the time and moment said semi-truck was involved in the motor vehicle collision that is the subject matter of this Complaint

(hereinafter, "the collision").

6. For all allegations brought in this Complaint, the actions and/or omissions of Michael Brunner are the actions and/or omissions of Defendant under the doctrines of respondeat superior and vicarious liability.

7. Defendant applied for motor carrier authority through the United States Department of Transportation (DOT) to operate as a motor carrier under DOT number 090849.

8. On or about March 13, 2021, Plaintiff is operating a motor vehicle traveling eastbound on US-400 in Greenwood County, Kansas, when Michael Brunner, who is operating a semi-truck and attached trailers owned and/or leased and dispatched by Defendant and while in the course and scope of his employment with Defendant, attempts to turn left/eastbound onto U.S. 400 from a private drive exiting the Beaumont Rest Area and during extremely dense and heavy fog and, in doing so, pulls into Plaintiff's lawful path of travel, thereby proximately causing a collision between Defendant's semi-truck and Plaintiff's vehicle, along with injuries and damages to Plaintiff.

9. According to the Kansas Motor Vehicle Crash Report, the investigating officer "made contact with Michael Brunner who indicated that he was driving the Semi.  Brunner was frantic and explained that he stopped and listened for traffic before pulling onto the 400 Hwy. Brunner indicated that the traffic is going so fast and with this fog he did not see the truck at all," thereby making admissions against interest.

10. Defendant's commercial motor vehicle involved in the collision was dispatched, supervised, maintained, monitored, operated, and controlled by the department of operations and/or the fleet management of Defendant.

11. Michael Brunner was hired, trained, supervised, and retained by Defendant.

12. Defendant operates a fleet of commercial motor vehicles, trucks, and/or other vehicles as a motor carrier, as defined by the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR").

13. At all times material hereto, Defendant was operating under the authority of the DOT number noted above.

14. 49 CFR § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

15. 49 CFR § 390.5 defines "motor carrier" as, "[A] for-hire motor carrier or a private motor carrier.  The term includes a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers . . . ."

16. Defendant was at all material times a "motor carrier," as well as an "employer" of Michael Brunner, as such terms are defined in 49 CFR § 390.5.

17.  Michael Brunner was at all material times an "employee" of Defendant as defined in 49 CFR § 390.5.

18. 49 USC § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an act or omission of that carrier . . . in violation of this part."

19. 49 USC § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment, and facilities," and Defendant negligently failed to provide safe and adequate service, which proximately caused the injuries and damages to Plaintiff.

20. The FMSCR are located at 49 CFR § 390 *et seq.*  40 CFR § 391.1(a) and (b) state, "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers.  The rules in this part also establish minimum

duties of motor carriers with respect to the qualification of their drivers.  (b) An individual who meets the definition of both a motor carrier and a driver employed by that motor carrier must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers." Per these sections, the FMCSR set forth the applicable minimum industry standards of care, including minimum qualifications and duties for drivers.

21. The allegations contained in this Complaint regarding the FMCSR are set forth to establish that Defendant failed to comply with the minimum industry standards of care per the FMCSR, and in order to establish negligence on the part of Defendant; Plaintiff does not allege any private causes of action for violations of the FMCSR.

### *NEGLIGENT AND/OR WANTON ACTIONS AND/OR OMISSIONS OF DEFENDANT (VIA RESPONDEAT SUPERIOR/VICARIOUS LIABILITY)*

22. The actions and/or omissions of Michael Brunner are the actions and/or omissions of Defendant under the doctrines of respondeat superior and vicarious liability and are negligent and/or wanton for the following reasons:

    A.  Inattentive and/or distracted operation of a commercial motor vehicle;

    B.  Improper left turn;

    C.  Failing to yield right of way;

    D.  Failing to wait for dense/heavy fog to clear before pulling out onto a highway and into oncoming traffic that he could not see because of the fog;

    E.  Failing to ensure he had enough space and that it was safe to make a left turn onto a highway prior to doing so;

    F.  Putting on-time deliveries for Defendant, and therefore profits, ahead of safety, by choosing to leave a rest stop during obvious dense/heavy fog;

    G.  Operation of a commercial motor vehicle while using a cellular phone, GPS,

PDA, mapping, or other message device;

H. Driving while using Google maps, Apple Maps, or other cellular mapping navigational software program that served to pull Michael Brunner's attention away from the traveled roadway;

I. Speeding in excess of what was reasonable for the then existing conditions;

J. Failing to keep a proper lookout;

K. Failing to exercise ordinary and reasonable care;

L. Failing to warn;

M. Failing to meet the minimum duties and industry standards of care per 49 CFR § 381 through 399;

N. Failing to meet the minimum duties and industry standards of care per 49 CFR § 392.3 by operating a commercial motor vehicle while fatigued and/or while alertness is impaired;

O. Failing to meet the minimum duties and industry standards of care per 49 CFR § 391.11(a) by operating a commercial motor vehicle while not properly qualified;

P. Failing to meet the minimum duties and industry standards of care per 49 CFR § 383.110, 382.111, and 383.113 by operating a commercial motor vehicle without possessing and/or having demonstrated the safe driving skills and/or knowledge required;

Q. Upon information and belief, operating a commercial motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant

message, and/or email;

R.  Negligence and negligence per se for violation of laws, statutes, ordinances and/or regulations of the State of Kansas; and

S.  Other actions and/or omissions that will be supplemented after the receipt of full and complete discovery in this case.

### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIMS AGAINST DEFENDANT

23. Additionally, upon information and belief, Defendant's separate actions and/or omissions also proximately caused the collision, as well as Plaintiff's injuries and damages, and are negligent and/or wanton for the following reasons:

A.  Failing to meet the minimum duties and industry standards of care regarding hiring, training, supervising, and retention per 49 CFR § 381 through 399;

B.  Negligent hiring, training, supervision, and/or retention of Michael Brunner;

C.  Failing to adequately warn and/or suspend Michael Brunner after the collision;

D.  Failing to terminate Michael Brunner after the collision;

E.  Failing to train Michael Brunner in proper defensive driving skills before and after the collision;

F.  Failing to reprimand Michael Brunner after the collision;

G.  Failing to retrain Michael Brunner after the collision;

H.  Failing to train Michael Brunner in proper hazard communication signals, hazard perception, and other safe operating protocols utilizing industry accepted commercial training materials from companies such as Smith System, J.J. Keller & Associates, Inc., and/or others;

6

I. Failing to have adequate, based on industry standards, safety management protocols in place;

J. Failing to properly create and implement a formal safety program that would require, in part, Michael Brunner to be tested to determine comprehensive understanding of defensive driving skills training received;

K. Failing to test Michael Brunner for alcohol and drug consumption after the collision;

L. Hiring unfit employees and/or agents, which it knew or should have known posed an undue risk of harm to Plaintiff and others, and failing to properly train, supervise, and monitor them, including, but not limited to, Michael Brunner;

M. Retaining employees and/or agents who are not performing their jobs properly or adequately, including, but not limited to, Michael Brunner;

N. Failing to use reasonable care in the hiring, selecting, training, monitoring, and retention of its employees and/or agents, including, but not limited to, Michael Brunner;

O. Failing to perform its duty of reasonable care to third parties, including, but not limited to, Plaintiff; and/or

P. Ratifying all conduct of Michael Brunner and/or his supervisory and/or hiring personnel, either expressly and/or impliedly.

### *INJURIES AND DAMAGES TO PLAINTIFF*

24. As a further direct and proximate result of the negligent and/or wanton actions and/or omissions of Defendant, as aforesaid, Plaintiff receives injuries to his body, including, but

not limited to, his head, chin/face, neck/upper back, left shoulder, left arm, and left hand/fingers.  Plaintiff may have had aggravation to a pre-existing condition(s), was otherwise injured, and has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of $75,000.00.

Plaintiff prays for a judgment against Defendant in an amount in excess of $75,000.00, for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BULL ATTORNEYS, P.A.**

*/s/ J. Corey Sucher*
J. Corey Sucher, #27789
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 / Fax: 316-684-4405
corey@bullattorneys.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

*/s/ J. Corey Sucher*
J. Corey Sucher, #27789