# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS D. MEYER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 6:22-cv-1023-TC-KGG |
| ) | |
| OLD DOMINION FREIGHT ) | |
| LINE, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER TO SHOW CAUSE

Defendant Old Dominion Freight Line, Inc. is a foreign corporation with its principal place of business located in Thomasville, North Carolina. Plaintiff filed this federal court action alleging, *inter alia*, the Defendant was negligent.

The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. The citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Simply stated, diversity is absent when citizens of the same state are on both sides of the case. *See id.* As stated above, the Complaint alleges that Defendant "is a foreign corporation with its principal place of business in Thomasville, North Carolina" (ECF. 1, at 1). Plaintiff has not, however, alleged the state of incorporation of the Defendant. As such, the Court cannot determine the validity of the claimed diversity.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Accordingly, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings . . . ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to the District Judge on or before February 14, 2022, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 1st day of February 2022, at Wichita, Kansas.

/S  KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE